**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-21091**
**Summary Calendar**
_____

**EVERETT E. EDENS, JR.,**

**Plaintiff-Appellee,**

**versus**

**JESSE BROWN, Sec. Dept. Vet. Affairs, ET AL.,**

**Defendants,**

**ROBERT L. BERNARD,**

**Movant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CA-H-93-1615)**
_____

August 2, 1996
Before DAVIS, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Robert L. Bernard appeals the sanction imposed by the trial court, for violation of its order. We **AFFIRM.**

I.

Everett E. Edens, _pro se_, filed an employment discrimination action against Jesse E. Brown, Secretary, Department of Veterans

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Affairs (the VA).  The court granted Edens' application to proceed *in forma pauperis* and later appointed counsel for him.

During the jury trial, when the VA's attorney, Bernard, began to question Edens about his attorney's fee, the court asked Bernard "[w]hat possible purpose could be served by revealing to the jury that this attorney was appointed" and that Edens had no obligation to pay for such services.  The court stated that, pursuant to the statute under which Edens' attorney was appointed, recovery of attorney's fees is allowed and stated: "No, you may not question Mr. Edens about that.  No, you may not make any mention of that to the jury whatsoever."

Nevertheless, at the end of his closing argument, Bernard stated to the jury that "taxpayers are paying for you to be here, for me to be here, for the court and all the people to be here, to listen to Mr. Edens.  And even pay for his lawyer."   The court found that Bernard violated its order "not to make any reference whatsoever to who must pay for Edens' counsel, to the fact that Edens' counsel is court-appointed, or that Edens is not obligated to pay his counsel".  The court declared a mistrial and assessed sanctions against the VA and Bernard in the amount of $3,000, to cover Edens' reasonable and necessary attorney's fees, for violation of an order of the court.

II.

2

The imposition of attorney's fees as a sanction is reviewed for an abuse of discretion. *O'Neill v. AGWI Lines*, 74 F.3d 93, 96 (5th Cir. 1996). We are advised that the VA has paid the sanction. But, because of other obvious adverse effects on Bernard, we do not consider the issue moot.

A.

Bernard asserts first that the district court erred by imposing a sanction under FED. R. CIV. P. 37(b), based on an alleged violation of the court's order not related to discovery. We need not address this issue, because, obviously, the court had the inherent power to impose the sanction. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (international quotation marks omitted) (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)). Along that line, "the district court possesse[s] the inherent power to assess attorney's fees as sanctions for bad-faith conduct in litigation". *Citizens Bank & Trust Co. v. Case*, 937 F.2d 1014, 1023 (5th Cir. 1991). Among other things, "[a] court may assess attorney's fees as a sanction for the willful disobedience of a court order." *Chambers*, 501 U.S. at 45 (internal quotation marks omitted).

B.

3

Bernard's assertion that the court's instruction was unclear and ambiguous is without merit. And, as hereinafter discussed, his claims that the court failed to make findings of fact and conclusions of law before imposing the sanctions, that he did not violate the order intentionally or in bad faith, and that the court erred by not imposing a less severe sanction are also without merit. The court found that Bernard's closing argument statement "directly violated the Court Order and could only have been made with the intent to prejudice and inflame the jury". It concluded that, "in the light of ... Bernard's actions during the entire trial, Mr. Bernard's statement regarding Edens' attorney fees was made in bad faith and constituted willful misconduct on the part of Bernard, justifying severe remedies". It concluded further "that such statement so prejudiced the jury that a mistrial was warranted and was declared after two days of trial ... [and] that good cause has been shown for the imposition of sanctions against both Defendant and Defendant's counsel". As stated, we find no abuse of discretion.

C.

Finally, Bernard asserts that the court committed a clear error of law by ruling that, in a 1991 Civil Rights Act lawsuit, attorneys' fees are to be determined by the jury, and that the sanctioning process violated due process of law. Needless to say, any error in ruling that the jury would determine attorneys' fees does not excuse the blatant violation of the court's order.

4

Likewise, the court presented Bernard an opportunity to be heard; and its sanctioning process was in conformity with due process requirements.

## III.

For the foregoing reasons the sanction is

**AFFIRMED.**